IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY AMPARO OSORIO-MARTINEZ, et al., <br><br> Petitioners, <br><br> v. <br><br> JOHNSON, et al., <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 17-1747-LS |

### NOTICE OF RELATED CASE AND REQUEST FOR REASSIGNMENT

Petitioners have filed a collective habeas petition styled as a "class action complaint for declaratory, injunctive, and monetary relief." *See* ECF 1. Petitioners allege on behalf of themselves and similarly situated aliens that "Defendants, without justification or authorization, continue to illegally and indefinitely *detain* SIJ [Special Immigrant Juvenile] children up to and until the point at which Defendants can ship the kids back home. . . ," *id.*, ¶ 9., and "seek to enjoin Defendants" from continuing to allegedly detain illegally present aliens with final orders of expedited removal. *See id.*, ¶ 10. Although they raise eight separate claims, *id.*, ¶¶ 134-75 as relief they seek: (1) invalidation of their final orders of expedited removal as previously addressed and upheld by the Third Circuit Court of Appeals in *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422 (3d Cir. 2016), *cert. denied* 2017 U.S. LEXIS 2438 (U.S. Apr. 17, 2017) and by Judge Paul Diamond in *Castro v. United States Dep't of Homeland Sec.*, 163 F. Supp. 3d 157 (E.D. Pa. 2016), *see* Prayer for Relief at ¶¶ 1-3, 5, and (2) release from their mandatory detention, required by the plain terms of 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) pending execution of their final orders of expedited removal, *see* Prayer for Relief at ¶¶ 4, 6, claims similarly pending before Judge Diamond in *J.A. A.-S. v. Johnson*, No. 16-6391-PD, in which a

motion to dismiss is fully brief and pending decision. *See, e.g.*, *J.A. A.-S.*, No. 16-6391-PD, ECF No. 28 at ¶¶ 6-7, No. 29 at 48-52.

Although Petitioners in this habeas action fail to reference either *Castro* or *J.A. A.-S.* anywhere in their complaint or motion for temporary restraining order, under a straightforward reading of this Court's local rules, this case is related to those two cases, and therefore should be transferred to Judge Diamond. Pursuant to Local Rule 40.1(b)(3), a related case is generally any case "involv[ing] the same issue of fact *or* grow[ing] out of the same transaction as another suit." E.D. Pa. Local R. 40.1(b)(3)(A) (emphasis added). Moreover, any "habeas corpus petition[] . . . filed by the same individual shall be deemed related to" any prior habeas petition raising the same nexus of facts. Local R. 40.1(b)(3)(B). As another Judge in this district has explained, these rules are "intended to foster judicial economy by allowing one judge to consider all actions arising out of the same transaction, while avoiding any possible confusion and prejudice that might befall parties if they were directed to the same judge but were pursuing dissimilar actions." *Sellers v. Timoney*, 2002 U.S. Dist. LEXIS 25712, *10 (E.D. Pa. 2002) (Pollak, J.). The test is not whether two cases are identical in every respect, as "related cases need not be identical," but whether cases "contain central events with a core of similarity." *See Moore v. Rite Aid HDQTRS Corp.*, 2013 U.S. Dist. LEXIS 129491, *5-7 (E.D. Pa. 2013) (DuBois, J.); *Sellers*, 2002 U.S. Dist. LEXIS 25712, at *10.

Under these standards, this case is related to the habeas petitions filed by the named petitioners before Judge Diamond in *Castro* and *J.A. A.-S.-*. It is beyond dispute that this petition and the petitions before Judge Diamond involve identical parties and grow out of the same transaction—namely the Department of Homeland Security's (DHS) decision to deny Petitioners' admission to the United States and to issue them orders of expedited removal and

Petitioners' attempts to vacate their final orders of expedited removal and procure release from DHS custody. *Compare* ECF No. 1, No. 17-1747 *with* ECF No. 1, No. 16-6391 and related cases, *and* ECF No. 1, No. 15-6153 and related cases. But for their orders of expedited removal, whose validity was affirmed by Judge Diamond and a unanimous panel of the Third Circuit, and further review of which was denied both by the *en banc* Third Circuit Court of Appeals and the Supreme Court, and an ongoing stay of execution of those orders, Petitioners would not be detained. Any challenge to their expedited removal orders and ongoing detention involves the same transaction and set of facts that were at issue in their prior habeas petitions before Judge Diamond. Indeed, the very same detention challenge is currently pending before Judge Diamond in *J.A. A.-S.*, and the very same habeas petitions seeking to invalidate their orders of expedited removal were adjudicated before Judge Diamond in *Castro*.[1] Thus Petitioners' prior habeas petitions "contain central events with a core of similarity" to this petition. *See Moore*, 2013 U.S. Dist. LEXIS 129491 at *5-7 (E.D. Pa. 2013); *Sellers*, 2002 U.S. Dist. LEXIS 25712 at *10.

That "core of similarity" is readily apparent given that Petitioners here seek identical relief from their final orders of expedited removal and related detention that they sought in both *J.A. A.-S.-* and *Castro*. *Compare* ECF No. 1, No. 17-1747, Prayer for Relief (seeking declaration that their expedited removal orders are invalid and order requiring their release from detention) *with* ECF No. 1, No. 16-6391, Prayer for Relief (seeking order requiring their release from detention), *and* ECF No. 1, No. 15-6153 and related cases, Prayer for Relief (seeking order invalidating their expedited removal orders). Indeed, what is important is not any "differences in the parties, allegations, time period, and requested remedies," but whether "the harm alleged to

---

[1] Petitioners previously sought to file *J.A.A.-S.-* as an action unrelated to *Castro*. *See* ECF No. 1, No. 16-6391. Following a request to find the cases related by the Government, ECF No. 8 at 1 n.1, No. 16-6391, the Chief Judge issued an order finding the cases related under the Local Rules and reassigned the case from Judge Pratter to Judge Diamond. *See* ECF No. 9, No. 16-6391.

have been sustained [in both cases] stems from the same facts." *Moore*, 2013 U.S. Dist. LEXIS 129491 at *7. *A fortiori*, then, that Petitioners have divined new claims seeking to achieve the *identical* end-result they have already sought (and failed to procure) in *Castro* and *J.A. A.-S.-* does not change that fact. *See, e.g.*, *id.* at *7; *accord Sellers*, 2002 U.S. Dist. LEXIS 25712, at *9 (holding, in case involving arrests of three different individuals, the three actions stemming from the arrests, while "hardly identical," were related because "the central events underlying the claims made in [the three cases] are those which occurred as the alleged consequences of" the actions of Defendants); *cf. Meijer*, 2008 U.S. Dist LEXIS 58135 at *17-19 (collecting examples of unrelated cases distinct from this one). In short, because this case arises from "the same issue of fact or the same transaction" as *Castro* and *J.A. A.-S.-*, it should be transferred to Judge Diamond for resolution consistent with those two cases.[2] *See* Local R. 40.1(b)(3)(B); *cf. Ignatyev v. Chertoff,* 2008 U.S. Dist. LEXIS 31573, *6 (E.D. Pa. 2008) (explaining that cases were unrelated because although they shared a "[s]imilarity of legal theories and defendants" they did

---

[2] During a telephonic conference with the Court on April 19, 2017, Petitioners asserted that their claim at Count I of the complaint that they should be deemed "paroled" under section 8 U.S.C. § 1255 for purposes of that statute and that this affects the legality of their detention was not at issue in *J.A. A.-S.* Even were that true, it would not affect the related case analysis, as the claims arise from the *same* transaction and involve habeas claims and thus for two separate reasons should be transferred to Judge Diamond. *See* Local R. 40.1(b)(3)(A), (B). Regardless, these claims are front and center in *J.A. A.-S.-*, where Petitioners argue that section 1255 somehow invalidates their expedited removal orders and requires treating them as admitted to the United States and not properly subject to detention. *See* ECF No. 32, 16-6391, at 18-19. As argued in that case, the claim is meritless, but the fact that Plaintiffs raise the claim there and that the Government responded to it readily demonstrates the relatedness of the two cases on this score. That Plaintiffs failed to develop the argument as fully in *J.A. A.-S.-* as they do here is no proper basis for finding the cases unrelated given that they arise from the same transaction. Indeed, for this additional reason, the cases should be deemed related for reasons of judicial comity: should Judge Diamond rule on this claim *before* this Court, that ruling would properly bar Petitioners from re-litigating the issue here. *See, e.g.*, *O'Brien v. Valley Forge Specialized Educ. Servs.*, 2004 U.S. Dist. LEXIS 20655, * 22-24 (E.D. Pa. 2004). Rule 40.1 is explicitly designed to avoid this "race" to a decision and the inefficiency of dueling rulings on identical issues in cases arising from identical factual circumstances. *See, e.g., Sellers*, 2002 U.S. Dist. LEXIS 25712 at *10

not arise from "the same issue of fact or the same transaction")

| | |
|---|---|
| Dated:  April 19, 2017 | Respectfully submitted<br><br>CHAD A. READLER<br>Acting Assistant Attorney General<br><br>WILLIAM C. PEACHEY<br>Director, Office of Immigration Litigation,<br>District Court Section<br><br>/s/ Erez Reuveni<br>EREZ REUVENI<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Civil Division,<br>450 5th Street NW<br>Washington, D.C. 20530<br>Tel: 202-307-4293<br>erez.r.reuveni@usdoj.gov |

## CERTIFICATE OF SERVICE

I certify that on this date, I caused a true and correct copy of the foregoing Entry of Appearance to be served by Electronic Court Filing (ECF) on all counsel of record.

/s/ Erez Reuveni
EREZ REUVENI

Dated:  April 19, 2017